**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GUSTAVO GUTIERREZ, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CIV-10-1344-M |

## REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, commenced this action by filing in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By Person in Federal Custody. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the District of New Mexico.

## Analysis

In the § 2241 Petition submitted to this Court, Petitioner names the United States of America as the sole respondent. Petitioner states, however, that he is in federal custody at a private facility, Cibola County Correctional Center in Milan, New Mexico. Where a petitioner challenges the execution of a federal sentence under § 2241, the proper respondent is the petitioner's custodian (or warden) at the facility where he is in custody on the date the petition is filed. *See, e.g. Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of

confinement."). *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Therefore, the proper respondent in this habeas action is Petitioner's current custodian at the facility in New Mexico where Petitioner is confined.

This Court clearly lacks personal jurisdiction over the proper respondent to Petitioner's § 2241 action. Indeed, the Petition, on its face, alleges no facts connecting the action to the Western District of Oklahoma. Where, as here, jurisdiction is lacking, federal law requires that the action be transferred to any court where the action could have been brought at the time it was filed, provided the transfer is in the interest of justice. *See* 28 U.S.C. § 1631. Petitioner, at the time of filing, was in federal custody at Cibola County Correctional Center, Milan, New Mexico, within the territorial confines of the District Court of New Mexico, *see* 28 U.S.C. § 111, and his § 2241 habeas action could have been filed in that district. Accordingly, in the interests of justice, it is recommended that this action be transferred to the United States District Court for the District of New Mexico.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that this action be transferred to the United States District Court for the District of New Mexico.

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by February 28, 2011. Petitioner is further advised that failure to make

timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this  7th   day of February, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE