## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GUSTAVO GUTIERREZ,

      Petitioner,

v.                                                  No. CIV 11-0202 JB/DJS

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte*[1] under rules 1(b) and 4 of the Rules

Governing Section 2254 Cases, on Petitioner Gustavo Gutierrez's Petitioner For Writ Of Habeas

Corpus Pursuant To 28 U.S.C. 2241 By Person In Federal Custody, filed December 13, 2010 (Doc.

1).  In response to an order to cure filing deficiencies, see Order to Cure Deficiency, filed March 8,

---

[1] The United States Court of Appeals for the Tenth Circuit has addressed the issue of whether a district court erred in raising the issue of exhaustion sua sponte to dismiss a 28 U.S.C. § 2241 habeas petition.  See Walker v. Stanley, 216 F. App'x 803 (10th Cir. 2007).

> On appeal, Walker argues the district court erred in raising the issue of exhaustion sua sponte, and in dismissing on that basis, because the exhaustion requirement is non-jurisdictional.  Although it is true the exhaustion requirement is non-jurisdictional, Walker's arguments are otherwise completely without merit. As noted by the district court, exhaustion of state court remedies is a prerequisite to filing a § 2241 habeas petition. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000). This court has specifically held, in the context of a 28 U.S.C. § 2254 petition, "that a court may raise the defense of nonexhaustion sua sponte." Odum v. Boone, 62 F.3d 327, 332 n. 2 (10th Cir.1995). This court has reached the same result, in two unpublished dispositions, with regard to petitions brought under § 2241. Merritt v. U.S. Parole Com'n, No. 00-1027, 2000 WL 1370432, at *1 (10th Cir. May 30, 2000); Holman v. Booker, No. 98-3124, 1998 WL 864018, at *4 (10th Cir. Dec.14, 1998). Accordingly, Walker has failed to carry his burden of demonstrating the district court's procedural ruling is reasonably subject to debate.

216 F. App'x at 804.

2011 (Doc. 7), Petitioner Gustavo Gutierrez also filed a Financial Affidavit, which the Court construes as a motion for leave to proceed in forma pauperis. The Court will grant the motion and will dismiss the petition for failure to exhaust administrative remedies.

Gutierrez is a federal prisoner confined at the Cibola County Correctional Institution in Milan, New Mexico.[2] The petition includes a "2241 Motion" that sets forth the Petitioner's grounds for relief. He alleges that his place of confinement is more than 500 miles from his family, in violation of constitutional protections. He asserts that the Bureau of Prisons ("BOP") did not consider the applicable factors in 18 U.S.C. § 3621(b) before transferring him to New Mexico, and thus his placement offends the Due Process Clause. Gutierrez also alleges that certain conditions of his confinement violate his constitutional protections. For relief, he asks for an order transferring him to another facility, apparently in southern California. He expressly concedes that he has not attempted to exhaust the BOP's administrative remedies, because the "BOP memoranda issued on April 14 2008 and November 14, 2008 demonstrate that administrative review would be futile." Petition at 10.

Gutierrez' failure to exhaust administrative remedies bars consideration of his § 2241 claims. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010), and the requirement applies to a § 2241 petition seeking an inmate's transfer based on violations of § 3621(b), see id.; Steck v. Chester, 393 F. App'x 558, 560 (10th Cir. 2010). Nor will the Court excuse the Petitioner's failure to exhaust

---

[2] The petition incorrectly names the United States of America as the Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (ruling that the warden is the proper § 2241 respondent). The Court's dismissal of the petition does not rest on this pleading deficiency, because Gutierrez presumably could amend his petition to name the proper respondent. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

based on his assertion that an attempt to exhaust administrative remedies would be futile. "Exhaustion of administrative remedies is not required when an inmate can show it would be futile. But the futility exception is quite narrow."  Reyna v. Ledezma, No. 10-6242, 2011 WL 892781, at *1 (10th Cir. Mar. 16, 2011).  Here, Gutierrez states only that he believes seeking administrative relief would be futile.  This allegation does not amount to a showing that "administrative relief is 'effectively foreclosed,'" Reyna v. Ledezma, 2011 WL 892781, at *1 (quoting Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991)), particularly in light of Gutierrez' admitted failure even to initiate administrative proceedings, cf. Ricardo v. Ray, No. 00-1150, 2000 WL 1089478, at *2 (10th Cir. Aug. 4, 2000)(Ricardo cannot currently show that the state habeas procedures have resulted in an 'inordinate and unjustified delay' because he has not yet filed anything in the state courts. . . .  Ricardo's assertions that there will be a delay are insufficient to suspend the exhaustion requirement.").  The Court will dismiss Gutierrez' § 2241 claims without prejudice for failure to exhaust administrative remedies.

Gutierrez also alleges that he does not receive adequate medical treatment or access to a law library at the New Mexico facility, and he asserts that the sentence imposed in his criminal proceeding is illegal.  Claims of unconstitutional conditions of confinement are not cognizable under the habeas corpus statutes, see United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979), and Gutierrez may attack his sentence only in a § 2255 proceeding in the court where he was sentenced, see United States v. Le, No. 10-6161, 2011 WL 477705, at *1 (10th Cir. Feb. 11, 2011) (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)); § 2255(a).  The Court will dismiss Gutierrez' petition without prejudice.

**IT IS ORDERED** that: (i) the Petitioner's Financial Affidavit (Doc. 8), construed herein as a motion for leave to proceed in forma pauperis, is granted; (ii) the Petitioner's Petitioner For Writ

Of Habeas Corpus Pursuant To 28 U.S.C. 2241 By Person In Federal Custody is dismissed without

prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Gustavo Gutierrez
Milan, New Mexico

> *Plaintiff pro se*

-4-